SPARKS *et al. v.* ANDERSON *et al.*

ATKINSON, J. I. By item 14 of the will of Henry P. Jones, probated in 1854, the testator gave the property in dispute to his "beloved granddaughter, Josephine V. Brazeal, for her sole and separate use for and during the period of her natural life only, free and exempt from the debts, contracts, liabilities, or disposition of any husband she may have, and from and immediately after her death . . unto such child or children as she may have living at the time of her death, and their heirs forever. But in default of any child or children living at the time of her death, then the said land to return to and be equally distributed among his children and their lineal representatives per stirpes." By item 20 the testator provided: "I hereby appoint my sons, James V. Jones and Henry W. Jones, trustees of the property herein given to my granddaughter, Josephine Brazeal." *Held:*

1. The provisions of the will above quoted created an estate for life in Josephine V. Brazeal, with remainder to such child or children as she might have living at the time of her death; and if she should leave no child or children living at the time of her death, then in trust to be equally distributed among the testator's "children and their lineal representatives per stirpes." The trustees appointed in the will were not trustees for the life-tenant only, but for the life-tenant and the remaindermen, and the trust was executory at least until the death of the life-tenant, when the possibility of her having children would become extinct, and it could be ascertained to whom the estate would ultimately go.

2. Inasmuch as the interests of the remaindermen (children of the life-tenant and plaintiffs in this suit) were equitable, legal title to which was vested in the trustees named in the will and their successors in

trust, prescription would run in favor of a third person holding adversely to the estate. Under the undisputed evidence introduced by the plaintiffs and that brought out by cross-examination of the plaintiffs' witness as to adverse possession by the defendant under color of title for more than the prescriptive period, the judge did not err in granting a nonsuit. *Watts* v. *Boothe,* 148 *Ga.* 376 (96 S. E. 863).

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Gilbert, J., absent on account of sickness.*

No. 1502. FEBRUARY 28, 1920.

Complaint for land. Before Judge Thomas. Thomas superior court. May 1, 1919.

*C. P. Grantham* and *E. K. Wilcox,* for plaintiffs.

*Branch & Snow* and *H. J. MacIntyre,* for defendants.