## BONNELL *v.* BARGERON.

The court below did not err in sustaining the oral motion to dismiss the petition, and in dismissing the case.

No. 5193. SEPTEMBER 27, 1926.

Complaint for land. Before Judge Franklin. Burke superior court. November 11, 1925.

Lawrence Bonnell brought suit against Mrs. Lottie Bargeron, to recover a certain tract of land. The defendant filed her answer to the petition as amended. After both plaintiff and defendant had announced ready for trial, and before the introduction of any evidence, the defendant moved to dismiss the action on grounds following: "Plaintiff having predicated his right to

---

Limitation of Actions, 37 C. J. p. 719, n. 89.

recover upon a certain deed from David C. Bailey to John C. Bonnell, trustee for Lydia Bonnell, bearing date July 6, 1866, a copy of which is attached to his petition as exhibit K and by reference made a part thereof, and upon the will of Lydia Bonnell, a copy of which is also attached to the petition as exhibit L, and having also set out in his petition a chain of title into the defendant, which plaintiff claims originated in the deed from Bailey to Bonnell, trustee, and attached as exhibits copies of the various conveyances and instruments in said chain, and having alleged that the defendant is in possession under this chain of title: defendant moves to dismiss said petition, for the reason that under a proper construction of the deed from Bailey to Bonnell, trustee, as aforesaid, plaintiff does not show a right to recover against this defendant in possession, for the following reasons: 1. That said deed either creates a trust which became executed upon the passage of the married women's act in December, 1866, thereby vesting the title in fee in Mrs. Bonnell, which title she parted with through the loan deed in 1883, and the sheriff's deed in 1886; or said deed created only an executory trust under which the legal title remained in the trustee, and which has never been conveyed to the plaintiff. 2. Because plaintiff's petition shows a good prescriptive title under color in the defendant, as against plaintiff's right to recover." The court sustained the motion and dismissed the action. The plaintiff excepted.

The deed in question was from David C. Bailey, of the first part, to John C. Bonnell in trust for his wife, Lydia Bonnell, formerly Lydia Bailey, of the second part. After describing the property conveyed, the trust clauses were as follows: "1. To have and to hold all and singular the above mentioned and described premises, together with the appurtenances, unto the said John C. Bonnell, in trust and to and for the several uses, intents, and purposes hereinafter mentioned, viz., first in trust to cultivate and lease the same, and to take, collect, and receive the rents, issues, and profits thereof; and out of the same to keep the said premises in good order and repair, and pay all taxes, assessments, and charges, that may be imposed thereon. 2. In trust to pay the residue of such rents, issues, and income to my daughter, Lydia Bonnell, upon her sole and separate receipt, to the intent and purpose that she may enjoy, possess, and have the same free

from the liabilities, debts, contracts, or interference of any husband she now has or may hereafter have, during the term of her natural life. 3. In trust to convey the said land and premises to such person or persons as she, the said Lydia, will by her last will and testament may divest [devise] and appoint, and in default of such appointment such land and premises shall belong to her children in fee simple absolutely. And the said party of the second part doth hereby signify his acceptance of this trust, and doth hereby covenant and agree to and with the said party of the first part faithfully to discharge and execute the same according to the terms, intent, and meaning of these presents." This deed bore date July 6, 1866.

The plaintiff relied upon the following abstract of title: Warranty deed from Thomas T. Elliston to David C. Bailey, dated December 3, 1842. Trust deed from David C. Bailey to John C. Bonnell, in trust for his wife, Lydia Bonnell, for and during her natural life, with power to dispose of the land by will, dated July 6, 1866. Will of Mrs. Lydia Bonnell, devising the land to Lawrence Bonnell, which will was probated March 3, 1924, and recorded March 4, 1924.

*G. C. Anderson,* for plaintiff.

*Fullbright & Burney,* for defendant.

HINES, J. The real question in this case is, whether the above deed put the legal title in the trustee to the estate granted to the children of Lydia Bailey, "in fee simple absolute," upon her death and in default of the exercise of the power of appointment given her in said instrument; or was the legal title to this land put in the trustee only for and during the life of the said Lydia? It will be noted that this instrument does not convey this land to the grantee in trust for his wife during her life, but only gives her the net rents and income thereof after the payment for repairs and of taxes and assessments. In other words, she was only given an interest in a portion of the usufruct of this land. The habendum clause is "unto the said John C. Bonnell," but "in trust and to and for the several uses, intents, and purposes" mentioned thereafter in this instrument. The first purpose is to lease this land, collect the rents, and out of the same to keep the premises in good order and repair, and to pay all taxes, assessments and charges that may be imposed thereon. The second purpose is to

pay the residue of the rents to the said Lydia Bonnell "during the term of her natural life." The third purpose is, to convey said land to such person or persons as the said Lydia might by her last will appoint, and in default of such appointment said land was to belong to her children "in fee simple absolute." One of the purposes of this conveyance was to give to the children of Lydia upon her death this land in fee simple. The trustee was to hold this land "to and for the several uses, intents, and purposes" mentioned in this deed. One of these purposes was that the land should belong to the children of Lydia after her death, and in default of the exercise of the power of appointment conferred upon her by this instrument. Clearly, one of the purposes of the conveyance was that this land should go to the children of the grantee's wife, under the circumstances above mentioned. So, the grantee was trustee, not only for the interest granted the wife in this land, but for the contingent estate in remainder for her children. *Sparks* v. *Anderson,* 150 *Ga.* 58 (102 S. E. 423) ; *Sparks* v. *Ridley,* 150 *Ga.* 210 (103 S. E. 425). The legal title to the land being in the trustee both as to the wife and her children, and the defendant and those under whom he claimed having been in adverse possession of this land under color of title for more than the prescriptive period prior to the death of the wife, as appears from the petition in this case, the court did not err in sustaining an oral motion to dismiss the petition and in dismissing the case. *Watts* v. *Boothe,* 148 *Ga.* 376 (96 S. E. 863) ; *Sparks* v. *Anderson,* supra.

*Judgment affirmed. All the Justices concur, except Hill and Gilbert, JJ., who dissent.*

HILL, J., dissenting. Under the facts as alleged the court erred in dismissing the plaintiff's petition. A case similar to the present is that of *Wilder* v. *Holland,* 102 *Ga.* 44 (29 S. E. 134). It is there stated that Wilder, as administrator with the will annexed of John M. Weaver, filed suit against Rebecca H. Holland and others, praying for cancellation of a certain deed which he alleged was a cloud upon the title of property alleged to belong to the estate of his testator. On demurrer the petition was dismissed, and the plaintiff excepted. The will of John M. Weaver contained the following item: "I devise and bequeath my entire real estate to my beloved wife, Elizabeth Weaver, to have and to

hold the same during her natural life; and at her death to be had, held, and used by my beloved daughter, Rebecca H. Renard, during her natural life, with power to devise and bequeath the said real estate by will at her death to whomsoever she may desire." Elizabeth Weaver and Rebecca H. Renard, the latter having intermarried with Holland, were the only heirs of the testator. Elizabeth Weaver died in November, 1886, leaving Mrs. Holland as her sole heir. Mrs. Holland, on July 30, 1890, executed a warranty deed in fee simple to certain lands which belonged to John M. Weaver at the time of his death. This deed was alleged to be a cloud upon the title of the estate of the plaintiff's administrator, and it was prayed that the deed might be canceled. It was contended, that, as the will gave Mrs. Holland a life-estate with power to dispose of the property by will, the making of the deed was not a good execution of the power, and therefore, being void, it was a cloud upon the reversionary interest, which it was alleged would go back to the estate of John M. Weaver after the death of Mrs. Holland. In delivering the opinion of the court in that case Judge Cobb said: "If the title of Mrs. Holland depended upon the will alone, and the only interest which she had in the property were derived therefrom, her interest would be a life-estate, with power to dispose of the property by will at her death. The mere fact that she has the power given to dispose of this property does not increase into a fee the estate which she takes; and upon her failure to exercise the power at her death, the property would revert to the estate of John M. Weaver, to go to whomsoever his will directed in such a contingency, or, upon the failure of such direction, to his heirs at law. *Edmondson* v. *Dyson,* 2 *Kelly,* 307; *Haralson* v. *Redd,* 15 *Ga.* 148. The power conferred being to dispose of the property by will, the deed disposing of the property would not be a good execution of the power, and would not prevent the property from reverting to the estate of the testator. *Porter* v. *Thomas,* 23 *Ga.* 468."

In *Wetter* v. *Walker,* 62 *Ga.* 142, it was held: "Generally, a larger estate will not be implied where a smaller one is expressly granted. Hence, a power of disposition annexed to an express estate for life will not be construed as enlarging the latter into a fee, unless the power be necessarily inconsistent with an estate for life only." The general rule is that where an estate is ex-

pressly given for life with an added power of disposal given to the life-tenant, this does not enlarge the life-estate into an estate in fee. 21 R. C. L. 776, § 5; Warren *v.* Ingram, Ann. Cas. 1912B, 422, 424, note (96 Miss. 438, 51 So. 888). See 26 R. C. L. § 117; *Thomas* v. *Owens,* 131 *Ga.* 248 (62 S. E. 218); Civil Code (1910), § 3899; *Lee* v. *Chisholm,* 56 *Ga.* 126.

It will be observed that Mrs. Lydia Bonnell took only a life-estate in the property conveyed by the deed to her husband as trustee by her father, with the power of disposal by will of such property, and in default of such appointment the land and premises should belong to her "children in fee simple absolutely." It appears from the petition that Mrs. Bonnell did devise the land in question to her son, Lawrence Bonnell, who is the plaintiff in the present suit. It also appears from the petition that during the lifetime of Mrs. Bonnell she executed a loan deed to the land in controversy, and that the land was sold under foreclosure proceedings, and the same was bought by the predecessors in title of the defendants. It will be observed that the deed from David Bailey to John C. Bonnell, trustee for Lydia Bonnell, was executed on July 6, 1866, and the trust thereby created became executed on the passage of the married woman's act in December, 1866. *Trammell* v. *Inman,* 115 *Ga.* 874 (2) (42 S. E. 246); *Follendore* v. *Follendore,* 110 *Ga.* 359, 362 (35 S. E. 676); *Overstreet* v. *Sullivan,* 113 *Ga.* 891 (39 S. E. 431). As already observed, Mrs. Bonnell executed a fee-simple title to the land in controversy to the loan company, under which the defendants claim title with possession for more than twenty years. Mrs. Bonnell could convey to the loan company no greater estate than she already had, which was only a life-estate with power of disposition by will. Therefore it follows that the purchasers at the sheriff's sale under the loan deed secured only such interest in the land in controversy as Mrs. Bonnell had, and that, as already stated, was only a life-estate. See *Howard* v. *Henderson,* 142 *Ga.* 1 (82 S. E. 292).

The petition alleges that Mrs. Lydia Bonnell exercised the power contained in the deed of her father, David Bailey, when she excuted her will devising the land in controversy to her son, Lawrence Bonnell. Item 1 of her will is as follows: "I give and bequeath to my son, Lawrence Bonnell, all my property, both real and personal, and give and bequeath to him the tract of land

deeded to me by my father, David Bailey, to be mine during my life with power to dispose of it by my will. Item 2. The land intended to be bequeathed to my son, Lawrence, is the tract deeded by my father, David Bailey, to my husband, John C. Bonnell, as trustee for me during my life, as will appear from the deed duly recorded in the clerk's office of Burke County." The petition also alleges that the will was admitted to probate in common form, March 3, 1924. Having held that Mrs. Bonnell had only a life-estate in the land in controversy, with power of disposal by will, the deed executed by her to the loan company conveyed no greater estate than she had, which was a life-estate; and this being so, the defendants could not prescribe against the plaintiff until the termination of the life-estate, and a sufficient time since then not having occurred, it follows that the defendants have no title by prescription. So, I am of the opinion that the plaintiff's petition set out a cause of action, and that the court erred in dismissing it on motion. I am authorized by Mr. Justice Gilbert to say that he concurs in this dissent.