WATFORD *vs.* FORESTER, administrator.

1. The construction of a paper, whether it is by its terms testamentary in character or not, is a question for the court ; the question of proper execution, testamentary capacity and voluntary making are for the jury.

2. The verdict is supported by the evidence.

Wills. Charge of court. New trial. Before Judge SPEER. Newton Superior Court. September Term, 1880.

Reported in the decision.

E. F. EDWARDS, by brief, for plaintiff in error.

J. J. FLOYD, by HARRISON & PEEPLES, for defendant.

SPEER, Justice.

Samuel W. Forester propounded for probate a paper which he alleged to be the last will and testament of Hardy Watford, late of said county, deceased.

Plaintiff in error, as an heir at law of testator, filed his *caveat* to said probate, alleging,

1st. That from extreme old age, imbecility of body and mind, testator was not capable of making a will.

2d. Because the will is unjust, unequal and inequitable.

3d. Because said will was not the voluntary act of said Hardy Watford, but that he was moved and unduly influenced in the making of the same by the persuasions and fraudulent practices of the executrix, Elizabeth R. Harris, who was a daughter of testator.

Said cause came on for trial on the appeal, and under the law as given in charge, and the evidence submitted, the jury found the paper to be the last will and testament of the testator.

Plaintiff in error, during the term, filed his motion for a new trial, on the following grounds :

Watford *vs.* Forester, administrator.

(1). Because the court erred in charging the jury, in substance, as follows: " No particular form of words are necessary to constitute a will, although the paper put in evidence, purporting to be the last will and testament of Hardy Watford, may not be in the usual form, still I charge you that said paper is testamentary in its character, and you should so find, this paper being one for the construction of the court, and not the jury.

(2). Because the verdict of the jury was strongly and decidedly against the weight of the testimony.

(3). Because the verdict is contrary to law, contrary to the evidence and the principles of justice and equity.

Which motion for new trial was overruled by the court and *caveator* excepted.

1. We see no error in the charge of the court on the first ground set forth in the motion for a new trial, whether the paper tendered was testamentary in its character to take effect on the death of the maker, and whether, as such, it should be submitted for probate to the jury in evidence, was peculiarly a question for the court. But on being so introduced, the questions as to the testamentary capacity and free volition of the testator, and whether it was signed and attested as required by law, were questions of fact for the jury.

2. In looking carefully into the record to determine whether or not " the finding of the jury was strongly and decidedly against the weight of evidence and contrary to the principles of justice and equity," as are set forth in the second and third grounds, we find, while there is some conflict of evidence as to the issues made on the subject of testamentary capacity and undue influence in procuring said will, yet we are of opinion that there is sufficient evidence in the record to sustain this verdict, and we see no abuse of discretion in the judge below in refusing this motion on either of these grounds.

Let the judgment of the court below be affirmed.