Matter of Proving the Alleged Last Will and Testament of NICHOLAS W. WHITE, Deceased.

(Surrogate's Court, New York County, February, 1919.)

Trial — upon contested probate proceeding — wills — what question should not be submitted to jury.

> Upon a contested probate proceeding the question whether the will has been revoked is one of law which should not be submitted to the jury.

MOTION to amend order framing issues for a jury in a contested probate proceeding.

James W. McElhinney, for proponent.

Wesley S. Sawyer, for contestant.

FOWLER, S.  This is a motion to amend the .order framing issues for a jury in a contested probate proceeding by inserting an additional issue, in substance, " Was or was not the will propounded revoked? "  We cannot be too careful in framing issues for the jury in contested probate proceedings in this court.  The practice here is new, and unless every step be carefully considered, we may unwittingly do great damage to testamentary law and the rights of property.

In many other jurisdictions, as, for example, in Pennsylvania, when juries participate in probate proceedings the court first inquires whether or not there is evidence enough to warrant any submission of the issues to a jury.  If not sufficient, the submission is refused.  It would be well, I think, to enact this rule in probate proceedings in this state.

Where juries are employed in probate proceedings, questions of law may in no instance be submitted to them.  *Ward* v. *Poor,* 94 Md. 133; *Watford* v. *Forester,* 66 Ga. 738.  So issues on evidentiary facts should never be framed or submitted to a jury in such proceedings. *Matter of Benton's Estate,* 131 Cal. 472; *Cornelius* v. *Brawley,* 109 N. C. 542.  Nor should the same issue be restated and repeated in different forms for submission.  *National Safe Deposit Co.* v. *Sweeney,* 3 App. D. C. 401.

The now proposed issue of revocation or nonrevocation of the paper here propounded is purely a matter of law and it should not be submitted to a jury in any contested probate proceeding.  It may be that the surrogate may on the trial, of his own motion, see fit to submit to the jury the issues of facts involved in a legal revocation or he may decide it himself.  It would be a curious and novel probate proceeding in which a surrogate refused to consider at any stage evidence of revocation of a paper propounded.  But that is a

Surrogate's Court, New York County, February, 1919.   [Vol. 106.

very different consideration.   The only point here is whether the contestant has the legal right to have framed and to submit an issue of " revocation " to a jury.   For the reasons outlined I hold that he has not.

Decreed accordingly.