TRUST COMPANY OF GEORGIA *v.* IVEY *et al.; et vice versa.*

Nos. 9739, 9776. MARCH 3, 1934.

*Anderson, Crenshaw & Hansell, Willingham & Willingham, B. F. Cheek Jr., Warren Cox,* and *J. C. Shelor,* for plaintiff.

*J. Richard Bowden, Horace M. Holden, J. B. Burnside, Williams & Freeman, A. M. Zellner,* and *Ryals, Anderson & Anderson,* for defendants.

632

ATKINSON, J. (After stating the foregoing facts.) ■ "The very nature of a will requires that it should be freely and voluntarily executed; hence, anything which destroys this freedom of volition invalidates a will; such as fraudulent practices upon testator's fears, affections, or sympathies, duress or any undue influence, whereby the will of another is substituted for the wishes of the testator." Civil Code, § 3834.

■ "Undue influence, to invalidate a will, must amount to force or fear—must, in effect, make the will the mental offspring of some other person, and must be operative on the mind of the testator at the time the will is executed. It must destroy the free agency of the testator and constrain him to do what is against his will, but what he is unable to refuse. *Potts* v. *House,* 6 *Ga.* 324 (50 Am. D. 329); *Morris* v. *Stokes,* 21 *Ga.* 552; *Thompson* v. *Davitte,* 59 *Ga.* 472; *DeNieff* v. *Howell,* 138 *Ga.* 248, 251 (6) (75 S. E. 202)." *Galloway* v. *Hogg,* 167 *Ga.* 502, 524 (146 S. E. 156). The portions of the original caveat as amended, to which demurrers interposed by the propounder were overruled, upon which ruling error was assigned, were sufficient to allege undue influence.

■ Undue influence exercised prior to execution of the paper may continue to operate on the mind of the testator until the paper is actually executed; and if upon account thereof the testator executes a paper in which the will of the person exercising the influence is substituted for that of the testator, the paper will be void, though the influence commenced at an antecedent date.

■ If the undue influence was exercised by a wife, the effect thereof may have continued after her death and may have been operative upon her husband at the time he executed the paper shortly after her death. It can not be said as matter of law that undue influence shown to have been exerted by the wife was not operative upon the husband at the time he executed his will, where the wife died only a short time before the paper was executed. In this connection see *Penniston* v. *Kerrigan,* 159 *Ga.* 345 (125 S. E. 795), which recognized this principle. The above ruling does not conflict with the ruling in Henderson *v.* Jackson, 138 Iowa, 326 (111 N. W. 821, 26 L. R. A. (N. S.) 479).

■ In determining whether undue influence had been exercised by the wife, so as to substitute her will for that of her husband in

his last will and testament, all of the circumstances including the conduct and demeanor of the parties with respect to each other, their comparative ages and mental capacity, and especially any physical and mental infirmity due to advanced age of the husband, may be taken into consideration.

■ Under application of the foregoing principles, the court did not err in overruling the demurrer to the caveat as amended, to which the exceptions pendente lite filed by the propounder related.

■ The grounds of the motion for new trial complain of rulings on the admission of evidence, and of certain excerpts from the charge of the court, and in one instance of a refusal as duly requested in writing and in another instance of an omission to charge without request. All of the grounds have been carefully considered, and none of them show cause for reversal. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur, except Gilbert, J., absent.*