ADLER *et al.*, executors, *v.* ADLER.

No. 17212.   OCTOBER 9, 1950.   REHEARING DENIED NOVEMBER 15, 1950.

*Robert S. Marx, Brannen, Clark & Hester,* and *T. M. Cunningham,* for plaintiffs.

*Bouhan, Lawrence, Williams & Levy,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ Special ground 1 of the amended motion for new trial complains that the court erred in striking four jurors from the panel. Following the initial questions as to relationship, counsel for the caveator suggested that, under the act (Ga. L. 1949, p. 1082), either side had the right to purge the jury by asking them certain questions designed to obtain a fair jury. The Court: "All right, go ahead." Counsel for the caveator then asked, in effect, if named attorneys for the propounder testified, and they were lawyers of the jurors or their employers, if they would be able to render an impartial verdict between the parties in this case? The four jurors in question stood.

Counsel for the propounders: "I would like to ask some questions. You four gentlemen, do you mean to say that, if you believed that the evidence supported the case, . . [as counsel for caveator contends], you would not find a true verdict, in accordance with what you believed?"

Counsel for the caveator: "I don't think that cures the question; those gentlemen directly in answer to that question said they could not, under the personal circumstances; . . render an impartial verdict, and I do not think those jurors would be qualified." The Court: "I agree with you."

Other than what is stated above, it does not appear that any objection was made by counsel for the propounders, but it is insisted in the motion for new trial that the ruling by the court disqualifying the four members of the panel was error for stated reasons.

No objection having been urged by the propounders at the

time, there is no merit in the ground of their motion for a new trial, complaining that the court erred in striking four jurors from the panel. The propounders by failing to make timely objection, and by thus agreeing in effect to take their chances of obtaining a verdict with these jurors stricken from the panel put upon them, waived their right to complain thereafter on this ground. See, in this connection, *Gunter* v. *State,* 19 *Ga. App.* 772 (2) (92 S. E. 314).

This, being a civil case, is not affected by the decision in *Cade* v. *State,* 207 *Ga.* 135 (60 S. E. 2d, 763), holding that so much of the act of 1949, supra, as purports to apply to criminal cases is unconstitutional.

■ Special ground 12 complains that the court erred in ruling that Olga Adler, one of the propounders, was in contempt of court on account of improper remarks which she made to an attorney for the caveator while she was testifying. It is insisted that, even in the absence of a motion for mistrial, the imposition of a fine, coupled with a threat to put her in jail, was prejudicial and required a new trial.

There is no merit in this contention. In *Pulliam* v. *State,* 196 *Ga.* 782 (6, 7) (28 S. E. 2d, 139), this court held: "Where on the trial the court propounded certain questions to a witness, which examination, it is instisted, was conducted in such manner as to prejudice the rights of plaintiff in error, such action on the part of the court will not cause a reversal, in the absence of any objection having been raised thereto at the time. The decision in *Potter* v. *State,* 117 *Ga.* 693 (45 S. E. 37), on the question of procedure here dealt with, is expressly overruled; and so as to any other case conflicting with the ruling here made." See also 3 Am. Jur. 607, § 1057; 64 C. J. 93, § 94, and cases cited.

■ Special ground 10 complains that the court erred in permitting Mac H. Barnes, a certified public accountant, to testify regarding a recasting of the accounts of the Adler Company.

The propounders introduced in evidence the suit that the caveator filed against his father, the allegations of which contained substantially the same facts in reference to what a recasting of the accounts would show. In these circumstances the admission of the testimony complained of was not cause for reversal. *Heatley* v. *Long,* 135 *Ga.* 153 (6) (68 S. E. 783);

*First National Bank of Cornelia* v. *Kelly,* 190 *Ga.* 603 (3) (10 S. E. 2d, 66).

■ Special grounds 5 and 6 complain that the court erred in permitting a witness for the caveator to testify that prior to 1942 Leopold Adler told him that he was only keeping the business for his two sons, that his will so provided, and that it gave them an opportunity to purchase the business over a period of time.

The caveat, which was not demurred to, averred in paragraph 9 of count one, that, "Prior to December, 1944, the will of Leopold Adler, according to statements which he had made to caveator, provided that his share in the department-store business would be left to caveator and to Sam G. Adler who had been active in same for many years, with the right to pay testator's share of the business over a period of 10 years."

A plaintiff is entitled to prove everything he alleges in a petion upon which he is permitted to go to trial without objection on the part of the defendant, either to its form or its substance. *Mayor &c. of Macon* v. *Melton,* 115 *Ga.* 153 (41 S. E. 499) ; *Beasley* v. *Burt,* 201 *Ga.* 144 (4) (39 S. E. 2d, 51).

■ Special ground 7 complains of the admission of medical testimony given by Dr. Harry Y. Righton in answering a hypothetical question, the objection being that the language in the question, "by a person who dominated him," was a conclusion which had to be decided by the jury.

"An expert may testify as to his opinion in response to a hypothetical question which assumes facts identical with the testimony in the case then on trial." *Yarbrough* v. *Yarbrough,* 202 *Ga.* 391 (8) (43 S. E. 2d, 329). The hypothetical question propounded in the present case was not subject to the objection interposed, and the court did not err in allowing the testimony.

■ Special grounds 13 and 14 complain that the court charged fully on the manner in which undue influence might exist, including the language, "a very wide range of testimony is permissible on the issue of undue influence, and this is due to the fact that undue influence seldom can be shown except by circumstantial evidence." It is insisted that the court should have gone on and charged the language of Code § 38-102, defining circumstantial evidence, and should have charged the principle

that, "where a plaintiff in a civil case supports his action solely by circumstantial evidence, before he is authorized to have a verdict in his favor, the testimony must be such as to reasonably establish the theory relied upon, and to preponderate to that theory, rather than to any other reasonable hypothesis."

There was no request to define circumstantial evidence or to charge the principle of law referred to. In a civil case, where the evidence as to the single and controlling feature was entirely circumstantial, it has been held that the failure of the court, in the absence of a request, to give in charge the rule on circumstantial evidence was not a proper ground for new trial. *Cowart* v. *Strickland,* 149 *Ga.* 397 (4) (100 S. E. 447).

Special grounds 3, 4, and 9 were expressly abandoned in the brief of the propounders. Special ground 2, complaining that the court erred in allowing counsel for the caveator to state his contention with reference to motives that caused the caveator to file the suit against his father, and special ground 8, complaining of a hypothetical question propounded to Dr. Righton, were not argued, and are considered to be abandoned. However, an examination of these grounds fails to show cause for a reversal.

■ Under the general grounds, the propounders produced evidence to show that the testator was a man of strong will power with a clear rational mind, that no undue influence was exercised over him; that the codicil itself gave the reasons for disinheriting his son, Melvin, which instances of misconduct on the part of Melvin as related in the codicil, in fact, had occurred. This evidence makes a strong case for the propounders, and would have authorized a verdict in their favor. But this court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against is weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it.

Where, as here, a codicil to a will has been set aside on the ground of undue influence and the verdict has been approved

by the trial judge, the merits of the case as made by the propounders is not the question before this court, but only the sufficiency of the evidence of the caveator.

The evidence of the caveator—as to the age, mental and physical condition of the testator, the various instances of complete control and domination of the testator by the daughter, covering a long period of time up to and through the date of the execution of the codicil, her embittered feeling towards the caveator which was expressed to her father, her complete control of him physically and dominance over him mentally—was sufficient to authorize the verdict. Code, § 113-208; *Fowler* v. *Fowler*, 197 *Ga.* 53 (2) (28 S. E. 2d, 458); *Bowman* v. *Bowman*, 205 *Ga.* 796 (55 S. E. 2d, 298), and citations. This is true, notwithstanding there was no direct evidence that the daughter participated in the preparation or execution of the codicil. Undue influence exercised prior to the execution of the codicil may continue to operate on the mind of the testator at the time of its execution. *Trust Co. of Georgia* v. *Ivey*, 178 *Ga.* 541 (3) (173 S. E. 648).

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., and Almand, J., who dissent.*