## 18499. ANDERSON *v.* ANDERSON.

Argued February 9, 1954—Decided March 9, 1954.

468

470

*E. Way Highsmith, J. H. Highsmith, Highsmith & Highsmith,* for plaintiff in error.

*Gowen, Conyers, Fendig & Dickey, Chris B. Conyers, C. L. Cowart,* contra.

SUTTON, Justice. The special ground of the motion for new trial complains that the trial court erred in directing a verdict in favor of the propounder, because the evidence presented an issue of fact which should have been submitted to the jury: (a) on the question of whether the testator had sufficient testamentary capacity at the time the will was executed; (b) whether the

propounder had exercised undue influence over the testator in causing him to execute the will; (c) whether the will executed by the testator was executed under a mistake of fact.

"Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code § 110-104. "The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded." *Skinner* v. *Braswell*, 126 *Ga.* 761 (2) (55 S. E. 914).

The evidence of the subscribing witnesses was sufficient to make out a prima facie case of testamentary capacity upon the part of the testator to make a valid will.

It was contended by the caveator that the testator had been rated by the Veterans' Administration as both insane and incompetent, and therefore he could not make a will.

"An adult world-war veteran, an epileptic, for whom a guardian has been appointed under the provisions of Code, §§ 49-802, 49-803, solely to receive, invest, and disburse for the ward funds or benefits allowed him by the Federal Government, is, where not shown to be non compos mentis, prima facie competent personally to exercise his full legal rights, in and out of court, with respect to all matters not affecting such benefits." *Morse* v. *Caldwell*, 55 *Ga. App.* 804 (1) (191 S. E. 479). And the appointment of such guardian, "although the appointment recites that the guardian appointed is guardian for property of the ward other than that derived from war risk insurance, is not an adjudication that the ward is insane and incapable of handling property other than that payable to him as war risk insurance." *Rentz* v. *King*, 66 *Ga. App.* 292 (1) (17 S. E. 2d 896). See annotation in 173 A. L. R. p. 1077, division IV, section 12, dealing with the effect of appointment, and the rights and duties of a guardian under the Uniform Veterans' Guardianship Act. The decision in *Morse* v. *Caldwell*, supra, also held that an epileptic, when not in the throes of an attack of epilepsy, is not less capaci-

tated than a lunatic in a lucid interval. It is well-settled law that a lunatic during a lucid interval may make a will. Code § 113-204. Even an incapacity to contract is not inconsistent with the capacity to make a will, as it takes a greater quantum or higher degree of mentality to make a contract than it does to make a will. Code § 113-202; *Wood* v. *Lane,* 102 *Ga.* 199, 201 (29 S. E. 180). The weak have the same rights as the strong-minded to dispose of their property by will, and anything less than a total absence of mind does not destroy that capacity. If the testator has sufficient intellect to enable him to have a rational desire as to the disposition of his property, this is sufficient. And the condition of the testator's mind at the time of the execution of the will determines whether he can make a valid will. See *Griffin* v. *Barrett,* 183 *Ga.* 152, 164 (187 S. E. 828).

"As tending to illustrate the mental condition at that time, evidence of such condition at other times may be received; but where it is sought to establish testamentary incapacity by such evidence, it does not controvert the positive testimony of the subscribing witnesses unless it would be proof of testamentary incapacity at the time the will was signed." *Fehn* v. *Shaw,* 199 *Ga.* 747, 754 (35 S. E. 2d 253). Was there testimony in this case by other witnesses which if true, would have been sufficient to overcome the positive testimony of the subscribing witnesses to the effect that the testator was mentally capable to make the will at the time he executed it? An examination of the evidence fails to show such testimony.

The evidence was insufficient to sustain the contention of the caveator with respect to undue influence, claimed to have been exercised on the testator by his sister-in-law, the propounder of the will. It was held in *Galloway* v. *Hogg,* 167 *Ga.* 502, 524 (146 S. E. 156), that "Undue influence, to invalidate a will, . . must, in effect, make the will the mental offspring of some other person, and must be operative on the mind of the testator at the time the will is executed."

Counsel for the caveator also insists that the will was unreasonable and for that reason the case should have been submitted to the jury. Ordinarily, an unnatural or unreasonable disposition of his property by a testator will not, in and of itself, be sufficient to set aside a will. Compare Code § 113-205; *Penn* v.

*Thurman,* 144 *Ga.* 67 (3) (86 S. E. 233) ; *Dyar* v. *Dyar,* 161 *Ga.* 615 (9) (131 S. E. 535).

Finally, it is insisted by counsel for the caveator that the will was executed under a mistake of fact, and is for that reason void. The only mistake of fact referred to in the evidence is testimony to the effect that the testator had knowledge that some of his funds were improperly used by the caveator while the latter was acting as his guardian. The evidence demanded a finding that there was a shortage in the son's account, which the bonding company was required to pay. In such circumstances the jury would not have been authorized to find that the testator executed the will under a mistake of fact.

Applying the above principles to the evidence in this case, there was nothing in the evidence offered by the caveator which would have authorized a finding in his favor upon any of his contentions as alleged in the caveat, and the court did not err in directing a verdict in favor of the propounder. *Griffin* v. *Barrett,* 183 *Ga.* 152 (1), supra; *Fehn* v. *Shaw,* 199 *Ga.* 747, supra, and cases cited.

It follows that the trial court did not err in denying the caveator's amended motion for new trial for any reason assigned.

*Judgment affirmed. All the Justices concur.*