24792. WEDDLE v. WEBB, Executrix.

DUCKWORTH, Chief Justice. While Georgia recognizes the rule that certain transactions are presumed, on grounds of public policy, to be the result of undue influence where the parties thereto are in some relation of confidence one towards the other and there exists great mental disparity with the one having the greater mentality reaping the benefit of the transaction (*Trustees, Jesse Parker Williams Hospital v. Nisbet*, 191 Ga. 821 (14 SE2d 64); *Childs v. Shepard*, 213 Ga. 381 (99 SE2d 129)), nevertheless, where in a hearing of a caveat to a will in which undue influence, lack of mental capacity and fraud are alleged, the caveator fails to prove the fraudulent acts and the lack of mental capacity, and fails to submit facts from which undue influence might be inferred, and the evidence shows mental capacity to make the will and the utmost fairness and good faith in the making of the will, and there is a total lack of evidence to refute this showing, there exist no questions of fact for the jury to consider, and the court did not err in directing the verdict. The caveator failed to show the exercise of a "controlling influence over the will, conduct, and interest of another" in the making of the will, (*Code* § 37-707) although the alleged beneficiaries were the agents of the testator. No great mental disparity was shown,

and in fact one of the devisees who typed the will, alleged to be a co-conspirator, received no greater benefit under the present will than she did under a prior will which this will replaced, and the other beneficiary, while an agent in other matters such as being the survivor of a joint savings account and joint holder of a safety deposit box with the deceased was not shown to have anything to do with the making of the will by the testator. The court properly directed that the will be established and proven in solemn form.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1968—DECIDED OCTOBER 10, 1968.

*Moreton Rolleston, Jr.,* for appellant.

*Weekes & Candler, John Wesley Weekes, Thomas O. Davis,* for appellee.