## 35874. BRYAN et al. v. NORTON.

MARSHALL, Justice.

The appellee, propounder of the will of Pauline J. Bywaters, obtained an order of the Probate Court of DeKalb County admitting the will to probate in solemn form. The appellants, who are the caveators, appealed to the Superior Court of DeKalb County. In the superior court, the caveators sought to set aside the will on grounds of fraud, undue influence, and lack of testamentary capacity on the part of the testatrix. Although the case came on for trial before a jury, the superior court granted the propounder's motion for directed verdict. The caveators now appeal to this court.

The caveators are grandchildren of the testatrix. The propounder was the pastor of the church which the testatrix attended. Evidence introduced at trial showed that at the time the will offered for probate was executed, the testatrix was approaching 70 years of age. She was a heavy drinker, and she was in ill health; her larynx had been removed because of throat cancer. After becoming friendly with the propounder, the testatrix revoked a will naming her family members as beneficiaries, and she wrote a new will under which the propounder is the executor and primary beneficiary.

There was testimony that the propounder had told the testatrix that her children did not care anything about her and that if she would change her will and put him in it, he would take care of her from then on.

In this appeal, the caveators enumerate three alleged errors: (1) the trial court erred in granting the propounder's motion for directed verdict, (2) the trial court erred in placing the burden of proof on the caveators, and (3) the trial court erred in excluding evidence of the propounder's alleged bad character.

1. We agree with the caveators that the trial court erred in granting the propounder's motion for directed verdict.

Where a person obtaining a substantial benefit under a will occupies a confidential relationship toward the maker of the will and is not a natural object of the maker's bounty, a presumption of undue influence arises if it is shown that the will was made at the request of such person. See *White v. Irwin,* 220 Ga. 836, 842 (142 SE2d 255) (1965). See generally 1 Redfearn, Wills and Administration in Ga. 119, § 59 (4th Ed.); 79 AmJur2d 577, Wills, §§ 428-430. It can be found that a clergyman occupies a confidential relationship toward a member of his church. See Re Cotcher's Estate, 274 Mich. 154 (264 NW 325) (1936); Re Kajewski's Estate, 134 Neb. 485 (279 NW 185) (1938); Re Estate of Swan, 4 Utah 2d 277 (293 P2d 682) (1956). See generally 79 AmJur2d 587, Wills, § 440. "Any relations shall be deemed confidential, arising from nature or created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc." Code § 37-707. We find that under the circumstances present here, the jury would be authorized to find that a confidential relationship did exist between the propounder and the testatrix.

The presumption of undue influence based on the existence of confidential relations between the beneficiary and the testator and the active participation of the beneficiary in the execution of the will is rebuttable by any evidence showing that the testator acted freely and

voluntarily in making his will and not under the coercion of the person charged with undue influence. See *Walker v. Hunter,* 17 Ga. 364 (2) (1855). This presumption being one of fact and not law, it is for the jury to say under the circumstances whether undue influence has been exercised. *Watford v. Forester,* 66 Ga. 738 (1881). Accordingly, the trial court erred in granting the propounder's motion for directed verdict.

2. We do not find, as argued by the caveators, that the trial court placed the burden of proof on them. However, we do hold that once the propounder establishes a prima facie case, the burden of proof shifts to the caveators to prove the grounds of their caveat, including undue influence.

"Upon the trial of an issue arising upon the propounding of a will and a caveat thereto, the burden, in the first instance, is upon the propounder of the alleged will to make out a prima facie case, by showing the factum of the will, and that at the time of its execution the testator apparently had sufficient mental capacity to make it, and, in making it, acted freely and voluntarily. When this is done, the burden of proof shifts to the caveator." *Slaughter v. Heath,* 127 Ga. 747, 760 (57 SE 69) (1906). Accord, *Langan v. Cheshire,* 208 Ga. 107, 110 (65 SE2d 415) (1951); *Thompson v. Davitte,* 59 Ga. 472 (2) (1877).

3. We also agree that the trial court erred in refusing to allow the caveators to question a member of the church at which the propounder had been the pastor concerning the witness' knowledge of the propounder's reputation in the church community. See Code § 38-1804. See also Code § 38-202.

It was held in *Hannah v. Anderson,* 125 Ga. 407 (54 SE 131) (1906) that evidence of the good character of the propounder of a will is admissible where the grounds of the caveat are that the propounder had by threats and fraud induced the testator to execute it. Conversely, evidence of the bad character of the propounder should be admissible where the grounds of the caveat are fraud and undue influence. Therefore, the trial court committed error in refusing to allow the caveators to question the witness concerning the propounder's alleged bad

character.

*Judgment reversed. All the Justices concur.*

Submitted January 25, 1980 — Decided February 27, 1980.

*Pitts & Pitts, Hugh Nations, Gaines C. Granade,* for appellants.

*C. Wray Brinkley,* for appellee.