## 36965. BROWNING et al. v. HOLBROOK et al.

CLARKE, Justice.

Appellants, propounders of the will of E. W. Hunt, appeal from the jury verdict for the caveators. The matter went to the jury on the issue of testamentary capacity, and the sufficiency of evidence to support a verdict that testator lacked testamentary capacity is the only real issue here. Since we have concluded that the jury verdict must be set aside for insufficient evidence, we need not reach appellants' other enumerations of error.

The testator and his wife were admitted to a nursing home on June 4, 1979. A few days later, testator's wife died. Testator, who was terminally ill with cancer, was hospitalized July 5, 1979. The will in question was signed between 5:30 p.m. and 6:00 p.m., July 7, 1979. Testator died July 8, 1979. Since the discovery of his cancer in October, 1978, testator had been taking a variety of medications, including medication for pain which was available every four hours if needed.

Both subscribing witnesses testified that the testator appeared to have the necessary testamentary capacity when he signed the will. Mr. Hunt's attending physician testified that he saw Mr. Hunt at 9:00 or 9:30 a.m., at which time he seemed quite ill. He saw him again at noon, and he had improved. When the doctor saw him at 5:30 p.m., he was sitting up in a chair. It was the doctor's opinion that Mr. Hunt was in complete control of his mental faculties at the time of this last visit. The doctor further testified that the only time he had observed Mr. Hunt to be without complete control of his faculties was after he had medication for pain and that Mr. Hunt had not taken this medication on the day of the execution of the will except at 5:40 a.m.

The caveators point to the doctor's statement that Mr. Hunt was not in complete control at 9:30 a.m., July 7, as an indication of his lack of testamentary capacity at 5:30 p.m. However, the doctor testified that Mr. Hunt's lack of control of his faculties was due to the medication. He also, during the course of his testimony, indicated that no pain medication was given after 5:40 a.m. and that Mr. Hunt was in complete control and sitting up at 5:30 p.m. The only other testimony relied upon by caveators in support of this position is that testator was asleep at 9:00 a.m., 1:00 p.m. and 5:00 p.m. when checked by nurses.

Under the test laid out in *Fehn v. Shaw,* 199 Ga. 747 (35 SE2d 253) (1945), testamentary capacity is determined by ". . . the condition of the mind at the time of the execution of the will. As tending to illustrate the mental condition at that time, evidence of such condition at other times may be received, but where it is sought

to establish testamentary incapacity by such evidence, it does not controvert the positive testimony of the subscribing witnesses unless it would be proof of testamentary incapacity at the time the will was signed." See also *Yuzamas v. Yuzamas,* 241 Ga. 577 (247 SE2d 73) (1978). The test is whether the evidence shows a lack of testamentary capacity when the will was signed. If the evidence of mental condition before and after the actual signing does not show that the incapacity existed at the time of signing, it is insufficient to controvert the testimony of subscribing witnesses. Here, the testimony is that Mr. Hunt was not in control of his mental faculties on the morning of the signing. But the same witness who testified to this also testified to his capacity very shortly before the signing. Other testimony related only to the fact that he slept a great deal on the day in question and that he was very ill that morning. This is not enough to dispute the evidence of the two subscribing witnesses that he was in control at the time of signing.

Construing the evidence most favorably toward upholding the verdict, *Wright v. Thompson,* 236 Ga. 655 (225 SE2d 226) (1976), we find that the evidence was not sufficient to support the verdict.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 9, 1981 —
REHEARING DENIED APRIL 28, 1981.

*Glyndon C. Pruitt, Donn M. Peevy,* for appellants.
*William Rhymer,* for appellees.