S95A0220, S95X0221. SCOGGINS et al. v. STRICKLAND et al.;
and vice versa.
(456 SE2d 208)

SEARS, Justice.

Harold Scoggins died testate on July 23, 1991, naming the parties to these actions as co-executors. Pauline Scoggins is the testator's second wife and widow, and David Strickland is the testator's stepson, the son of his first wife from her previous marriage. During his life, the testator transferred certain stock to Scoggins, changed his bank account to a joint account with Scoggins, and named Scoggins the beneficiary of his life insurance. In his will, the testator left Scoggins a life estate in the marital residence and two surrounding acres of land, and left the residue and remainder to Strickland and Strickland's two daughters. Strickland and Scoggins qualified as executors and probated the will.

Subsequently, Strickland filed a complaint against Scoggins, individually and in her capacity as executor, alleging that the testator breached his oral promise to leave Strickland "everything he owned" by willing Scoggins the life estate and by making his bank account a joint account. Strickland also alleged that Scoggins secured the stock and life insurance through the exercise of undue influence. At the close of Strickland's evidence, the trial court granted Scoggins's motion for directed verdict on the issue of undue influence. That decision is the subject of Strickland's cross-appeal, Case No. S95X0221. The remaining issues went to the jury, which found that a contract to make a will existed between Strickland and the testator, and had been breached. Accordingly, the trial court entered judgment canceling Scoggins's life estate and awarding it to Strickland, and awarding Strickland $16,368.88 found in the joint bank account. That judgment is the subject of Scoggins's direct appeal, Case No. S95A0220.

1. We find that the trial court erred in failing to dismiss Strickland's breach of contract claim on the basis of estoppel.

"Trustees and other representatives . . . are estopped from setting up title adverse to their trust." OCGA § 24-4-26. This is so because such persons "have ample opportunities to discover defects in the title of property in their care." Id. This rule of estoppel has often been applied to preclude the claims of executors and administrators seeking as individuals to obtain title to all or a portion of the estate they represent. See *Hardeman v. Ellis*, 162 Ga. 664 (135 SE 195) (1926); *Parnelle v. Cavanaugh*, 191 Ga. 464, 466 (12 SE2d 877) (1941); *Crummey v. Crummey*, 190 Ga. 774, 775 (10 SE2d 859) (1940); *Spratlin v. Spratlin*, 216 Ga. 27, 28 (114 SE2d 370) (1960); *Maxwell v. Hollis*, 216 Ga. 224, 226 (115 SE2d 360) (1960). As in the cited cases, it was incumbent upon Strickland to elect whether to pursue a claim of title to the estate under the alleged contract to devise, or to

act in a fiduciary capacity for the estate. *Hardeman,* 162 Ga. at 685. Having elected to proceed as co-executor, "it would be trifling with the court to allow a change." Id.

In reaching a contrary decision, the trial court relied on *Liberty Nat. Bank v. Diamond,* 231 Ga. 321 (201 SE2d 400) (1973). However, that case does not support the trial court's conclusion. In *Liberty Nat. Bank,* this court held that no estoppel arises in the concurrent pursuit of a claim seeking to obtain title to a portion of the estate pursuant to a contract and a claim seeking to obtain a share of the estate by caveat. Unlike in this case and the cases cited above, the widow bringing the contract action and the caveat in *Liberty Nat. Bank* was not an executor or an administrator of the estate to which she sought title, nor did she consent to probate of the estate.

2. We affirm the trial court's grant of directed verdict on the issue of undue influence in Case No. S95X0221. A directed verdict should be granted where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50. In this case, the trial court found that there was "a total absence of any evidence" that Scoggins "had a hand in" any inter vivos transfer by the testator, or that would show that the transfers were procured by Scoggins's undue influence. Likewise, our review of the transcript reveals not "the slightest evidence of persuasion or influence." OCGA § 44-5-86.

*Judgment affirmed in Case No. S95X0221 and reversed in Case No. S95A0220. All the Justices concur.*

DECIDED APRIL 17, 1995 —
RECONSIDERATION DENIED MAY 26, 1995.

*Davidson, Hopkins & Booth, Jack S. Davidson, Joseph H. Booth,* for appellants.
*Thomas M. Strickland,* for appellees.