## SWIFT *v.* NEVIUS.

1. The motion to dismiss the writ of error was without merit.
2. To an action of ejectment the defendant filed an equitable plea, disclaiming title to a half interest, and asserting an equitable title to the other half interest. In brief, he alleged that he became possessed of information as to a valuable source of water supply which could be purchased, located near a city and suitable for use in furnishing water thereto; that he entered into an agreement with a person in a distant State, who had no information as to these facts, by which it was agreed that such person (a lessor of. the fictitious plaintiff) should furnish money to pay for the expenses of negotiation for the property and other incidental expenses, and to pay the purchase-money, if the land could be procured, the defendant furnishing the information which he had and agreeing to perform certain services; that it was agreed they should each own a half interest, if the purchase was made; that he fully complied with his contract, and the property was bought, but, for certain purposes of exploitation through an engineering company, the title was made to the other party to the agreement; that the defendant took possession and managed the property for the benefit of

himself and such party; and that another lessor of the plaintiff, who apparently took a deed from the party making such agreement with the defendant, did so with full knowledge of the facts. A decree establishing the equitable right of the defendant was prayed. *Held*, that such equitable plea was not subject to general demurrer.

(a) The special demurrers were not passed on by the presiding judge.

MAY 16, 1912. REHEARING DENIED JUNE 13, 1912.

Ejectment. Before. Judge Gilbert. Harris superior court. April 11, 1911.

An action of ejectment in the common-law form was brought against Charles J. Swift, demises being laid from J. C. Reid, J. A. Reid, William C. McFarland, and Franklin Nevius. The defendant filed equitable pleading of which it is necessary to set out only the following parts: .Defendant discovered that certain property near Columbus, known as the Blue Spring property, and for which this suit is brought, had on it a fine supply of water, which could be carried to Columbus by the gravity system, and furnished to the public. The property was also valuable as an investment, aside from this. While defendant was in New York, he received a letter informing him of the existence of a lack of adequate water supply in Columbus, and of a serious condition resulting therefrom. He mentioned this letter to J. B. McFarland, and also remarked that he believed he knew of sources of water which were desirable for furnishing water to that place. This led to other conversations and negotiations between him and McFarland, and it was finally agreed that the defendant should go to Georgia, in order to negotiate for the purchase of the Blue Spring place; that McFarland should defray the expenses of the trip and all other expenses incident to the negotiation and purchase, and should furnish the purchase-money; and that, if the purchase were made, they should be co-owners, with equal interests, and the written option and deed should be made accordingly. Defendant went to Columbus and obtained a written option to buy the land, which was made in the name of himself and McFarland. He also performed all the services which he had agreed to do. Various transactions were set out in detail. Among other things, in order to obtain a sufficient supply of water for municipal purposes, it developed that it would also be necessary to obtain what was called in the pleading the Barnes Creek watershed; and an option was obtained on it by the defendant, and ratified by McFarland. Deeds were made in escrow. When they were taken up, defendant agreed that the one to the Blue Spring

place might be changed so as to be put in the name of McFarland, for no other purpose than as a matter of convenience in handling the property by him and by an engineering company, through which it was to be exploited, and for the use and benefit of defendant as to a half interest. Since the taking and record of the deeds to the two properties, defendant has been in the peaceable and undisturbed possession of his one half interest, and caring for the whole property in the interest of himself and McFarland. It was agreed between them that they would not try to make any profit by renting the land, but only have a caretaker occupy the dwelling-house, and have a small amount of cultivation done, to occupy the persons living on the land. No mesne profits have accrued, and the time and attention which the defendant has devoted to this has caused him loss much exceeding in value the taxes which have been paid. Certain lessors of the plaintiff were former owners before these transactions occurred. Nevius, if a grantee from McFarland, is such with full notice of all the facts. Defendant prayed for a decree establishing his interest. By amendment he prayed for partition, and for a sale of the land for that purpose. On general demurrer the court dismissed the defendant's equitable plea, and a verdict and judgment were rendered against him. He excepted.

*Hatcher & Hatcher, C. J. Swift,* and *G. Y. Tigner,* for plaintiff in error. *Slade & Swift* and *A. W. Cozart,* contra.

LUMPKIN, J. (After stating the foregoing facts.) An action of ejectment was brought against C. J. Swift, upon the demises of W. C. McFarland, Frank Nevius, and others. The defendant filed an equitable defense as to an undivided half interest in the land, and this was later amended. The plaintiff filed general and special demurrers to the answer as amended. The court sustained the general demurrer, and upon the making out of a prima facie case by the plaintiff and the failure of the defendant to introduce any evidence, directed a verdict for the plaintiff, and a judgment was entered accordingly. The defendant excepted, and specifically assigned error on the sustaining of the demurrer to his equitable defense.

1. A motion to dismiss the writ of error was made; but, under the ruling in *Lyndon* v. *Georgia Ry. &c. Co.,* 129 *Ga.* 353 (58 S. E. 1047), it is overruled.

2. The essence of the equitable defense, as to the Blue Spring place, is that the defendant and McFarland entered into an agreement to buy the property together. McFarland was to put up the money for expenses and for the purchase-price, if the land was obtained. Swift, the defendant, gave certain valuable information which he had acquired as to the location, water supply, etc., and was to negotiate for the purchase, and perform certain other services. He fully complied with his agreement, and thus in effect paid his part of the purchase-price. For convenience in exploiting the property in connection with a plan to furnish water to the City of Columbus, in which a certain engineering company was to take a part, the deed was taken in the name of McFarland, by agreement between him and the defendant and for the benefit of both. The defendant took possession of the property, and has managed it in accordance with the agreement between him and McFarland on that subject. If Nevius, a lessor of the fictitious plaintiff, has taken a conveyance from McFarland, he has done so with full knowledge of the facts. If these facts are true, as the demurrer admits them to be, an implied trust exists in favor of the defendant as to a half interest in the Blue Spring property. Civil Code (1910), § 3739. This is not an effort to set up an express trust by parol; nor is the defense subject to the objection that it is an effort to enforce a parol promise contemporaneous with the making of a deed. That there are many vague and indefinite allegations contained in the defendant's pleadings, is undoubtedly true, as contended by counsel for the plaintiff. But enough clearly and distinctly appears to save the case from dismissal on general demurrer; and the judge of the trial court did not pass on the special demurrer, of which there were some forty or fifty grounds.

In reference to what was referred to as the Barnes Creek watershed, the allegations of the equitable plea were entirely too indefinite for this court to determine whether the defendant has any equitable right as to it or not. But if not, this did not authorize the dismissal of the entire equitable defense on general demurrer, the action of ejectment having been brought to recover the Blue Spring place, and the defendant having set up an equitable right as to it, as above indicated.

*Judgment reversed. All the Justices concur.*