26846. ADAIR v. ATLANTA JEWISH COMMUNITY, INC.

ARGUED NOVEMBER 8, 1971—DECIDED DECEMBER 1, 1971.

*Hammond Johnson, Jr.,* for appellant.

*Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr.,* for appellee.

ALMAND, Chief Justice. This appeal is from orders denying a motion for a summary judgment and denying a motion for a judgment notwithstanding a mistrial.

Atlanta Jewish Community, Inc., instituted its action against George T. Adair wherein it alleged that it was the owner, and in possession of, 485.8 acres in White County, using it for a camp and for recreational and other purposes; and that the defendant had entered upon said property, cutting and removing timber, to the irreparable injury of complainant.

The prayers were to enjoin the defendant from committing further trespasses.

On this complaint an ex parte temporary injunction was granted.

In his answer the defendant denied the material allegations of the complaint and stated that in 1960 he caused a survey to be made establishing the boundary line between his tract of land and that of the plaintiff and he built a fence along said line in June, 1961, which has remained along said line for more than seven years without objection from the plaintiff.

The defendant moved for the grant of a summary judgment on the ground that there was no genuine issue as to any material fact. This motion was overruled and was not certified for immediate review.

On the trial of the case, the jury being unable to make a verdict, a mistrial was declared.

The defendant moved to enter a judgment in his favor notwithstanding the mistrial in accordance with his previous motion for a directed verdict on the grounds that: "1. The evidence showed that plaintiff had acquiesced in the location of the Adair line . . . for more than 7 years. 2. That all of the evidence showed that defendant had acquired title west of said Adair line by more than 7 years public, continuous, exclusive, uninterrupted and peaceable

possession evidenced by enclosure, cultivation, notorious and exclusive use, and by other acts of possession. 3. That injunction was not the proper remedy under the evidence in the present case as it showed that the case was brought to evict defendant from land, or to prevent interference with the realty by one already in possession."

The appeal is from the denial of this motion.

■ Error is enumerated on the denial of the defendant's motion for a summary judgment.

The pleadings, affidavit and documentary evidence before the court show that there existed a genuine issue as to the material facts in the case. It was not error to deny the motion.

■ The appellant asserts that the evidence demanded a finding that (a) the appellee acquiesced in the dividing line between their properties established by the appellant, for more than seven years, and (b) enclosure and possession of the land in dispute by defendant for more than seven years under written evidence of title established the line by prescription.

We are of the opinion, after a review of the evidence, that on both of these grounds there was conflicting evidence which could only be settled by the jury.

As to the acquiescence, the appellant contends that the appellee acquiesced in the line established by defendant in building a fence for more than seven years on the theory that appellee did not remove the fence.

Code § 85-1602 provides that acquiescience for seven years by acts or declarations of adjoining landowners shall establish a dividing line.

The evidence shows that appellee's predecessor had built a fence along a surveyed line prior to the building of a fence by the appellant, which fence represented the boundary line contended by the appellee. Also, there was evidence that the appellant protested the building of the fence, and there were letters from the appellee during the seven-year period to the appellant protesting and seeking a settlement of the land line dispute.

Mere passive acquiescence is not sufficient to establish a dividing line. *Cassels v. Mays,* 147 Ga. 224 (1) (93 SE 199). Here, as was said in *Catoosa Springs Co. v. Webb,* 123 Ga. 33 (50 SE 942): "To establish a line by acquiescence, it must appear that the owners of the property to be affected by the estalishment of the line either acted in such a manner for a space of seven years, or made such declarations during the continuance of that period, as to show that the line claimed was the true line between the estates. While there is in the record evidence of a recognition of the line as claimed, there is not sufficient evidence to authorize a finding either that the owners agreed upon this line, or that this recognition continued for such a length of time as to amount to an acquiescence for seven years."

There was an issue of fact as to whether the appellant had acquired title by adverse possession under written evidence of title. *Code* § 85-407.

There was evidence that the appellee used the disputed property between the appellee's fence and the appellant's fence during the seven-year period for camping and recreational purposes; that the employees of appellee hunted on the property; that during the seven-year period the appellee's attorney negotiated with the appellant seeking a settlement of the boundary-line dispute; and that when the appellant first attempted to cut trees on the disputed tract, he stopped after a protest from the appellee.

The court did not err in denying the appellant's motion for a judgment notwithstanding the mistrial.

*Judgment affirmed. All the Justices concur.*