## 28376. REYNOLDS v. HUCKEBA et al.

INGRAM, Justice. This a direct appeal from a judgment of the Superior Court of Carroll County, entered pursuant to a jury verdict, in favor of the defendant in an equitable case filed by appellant to impress a trust on certain realty for an undivided one-third interest therein alleged to be owned by appellant.

Appellant testified at the trial that she and the appellee (together with another defendant, Donald Hester, who was later dismissed by plaintiff as a party) entered into an oral agreement to purchase a tract of land in Carroll County from A. L. Wilson and that their respective interests in the property would be equal. Plaintiff further testified that she signed the contract for the sale of the land as a purchaser along with the appellee and Donald Hester; that she signed a note for $250 as her part of the earnest money required for the purchase; and that she also signed the closing statement as a purchaser. Plaintiff further testified that the transaction was closed at the West Georgia National Bank with title to the property placed solely in the name of the appellee at his request and insistence, although he agreed that thereafter he would convey title to appellant of her undivided one-third interest in the property but appellee has refused to do so. Appellant prayed for a decree of title to the extent of her claimed interest and an accounting.

Donald Hester, the appellee and others testified as witnesses for the appellee at the trial. Their testimony controverted the testimony of appellant. Appellee's evidence basically showed that appellant is a real estate agent who approached the appellee about purchasing the land from the seller, A. L. Wilson; that the appellee made no oral agreement with appellant to purchase the land with her as a joint purchaser; that she acted throughout the transaction as a real estate agent and received a commission on the sale. The appellee's evidence further showed that neither appellee nor Donald Hester knew of appellant's signing a $250 earnest money note and that appellant's note was not used in the closing of the transaction. Appellee's evidence also showed that appellant's name was added to the closing statement after the transaction was completed and was placed on the closing statement without the knowledge of the appellee.

The evidence at the trial established without contradiction that appellant was present when the transaction was closed in the

office of Mr. Borders at the West Georgia National Bank and that neither appellant nor anyone else mentioned that appellant claimed any interest as a purchaser in the property. The bank closed a loan on the property to the appellee at the time he took title to the property and appellant provided none of the $42,000 paid by appellee for the property. Donald Hester signed the original contract with the appellee as a purchaser but subsequently got out of the transaction before the sale was closed.

Three enumerations of error asserted by appellant are the same as the general grounds of a motion for new trial. We have reviewed the transcript of the evidence and conclude that the evidence did not demand a finding for either party. The jury resolved the conflicts in the evidence in favor of the appellee at the trial and it was fully authorized to do so. We find no merit in these general grounds of the appeal relating to the evidence.

Appellant relies on the case of *Swift v. Nevius,* 138 Ga. 229 (75 SE 8), to assert the holding in that case requires a reversal in the present case as a matter of law and equity. We cannot agree with this contention. The *Swift* case was decided on general demurrer and it was alleged in the equitable plea in that case that the defendant-claimant provided part of the consideration for the purchase of the property. While *Swift* stands for the principle of recovery relied upon by appellant (impressment of a trust), it was decided on the pleadings rather than on the evidence and it is not authority for concluding that the jury verdict in the present case is contrary to law and equity or contrary to the evidence.

An additional enumeration of error complains of the admission, over objection, of the testimony of Mr. E. H. Borders in whose office the transaction was closed. The question and answer objected to were: "Q. Was that closing statement exhibited at the time of the closing with three names appearing at the bottom? A. (looking) No."

The answer was made by the witness in reference to appellant's name at the bottom of the closing statement. Appellant argues on appeal that Mr. Borders was not competent to testify in answer to the above question because he was not in the room at all times during the entire closing transaction. Mr. Borders testified he was out of his office for only short intervals while conferring with his secretary during the closing and that he and his secretary prepared the closing statement. Appellant's

argument that this witness was not competent to answer the question objected to at the trial is without merit. The jury heard testimony concerning the circumstances of the witness' presence and observations at the closing and while appellant's objection may go to the credibility of the witness, it does not establish the witness was incompetent to answer the question asked of him.

Two other enumerations of error assert the trial court erred in part of its instructions given in charge to the jury on the law of trusts. However, the record shows no objection was made to either of these instructions at the trial as required by Code Ann. § 70-207 (a). Accordingly, no question for appellate review is presented by these enumerations. Appellant does not contend these instructions constitute "a substantial error in the charge which was harmful as a matter of law," and, indeed, could not sustain such a contention as the instructions given were taken from Georgia Code Sections on trusts.

There is one other instruction given to the jury by the trial court in its charge which is complained of on appeal and appellant objected to this instruction at the trial. This instruction was taken from Code § 105-304 and was as follows: "I charge you that a fraud may be committed by acts as well as by words and, one who silently stands by and permits another to purchase his property without disclosing his title is guilty of such fraud as estops him from subsequently setting up such title against the purchaser." Appellant objected to this charge as being "confusing to the jury and it does not apply in this case." The appellee argues the jury was authorized to receive this charge in connection with the appellee's defense that the appellant stood silently by at the closing and permitted appellee to take title to the property and borrow money on it from the bank at the same time without the appellant disclosing she claimed an interest in the property. In *Reeves v. B. T. Williams & Co.*, 160 Ga. 15 (1) (127 SE 293), it is indicated that this section of the Code is based upon the equitable duty of disclosure and that constructive fraud at least may be implied from a failure to speak, where one uses silence for the purpose of gaining an unconscionable advantage. In other words, appellee urges that appellant had a duty to reveal her claim of interest in the property at the closing of the sale and the loan made by the appellee to purchase the property, and, having failed to do so, appellant is now estopped to assert her claim. Appellant, on the other hand, contends that while the

charge in question was a correct abstract principle of law, it has no application in this case since there was an agreement between the parties for appellee to convey to appellant her undivided one-third interest after the purchase was completed.

While it would have been helpful for the jury to have had some additional clarifying instructions with respect to the meaning and use of this Code section in the case, we conclude the submission of it for the jury's consideration was not reversible error. Appellee contended there was no such agreement as contended by appellant, and that appellant had a duty to disclose her claim before appellee incurred an obligation at the bank to complete the purchase.

We hold it was within the province of the jury to decide whether, as contended by appellant, there was such an agreement, or whether, as contended by appellee, there was no such agreement and whether appellant had a duty to disclose her claim of interest at the closing of the sale and appellee's loan at the bank.

We affirm the judgment of the trial court carrying out the verdict of the jury in this case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 23, 1973 — DECIDED MARCH 7, 1974.

*Aubrey W. Gilbert,* for appellant.

*Johnson & Beckham, E. Carl Prince, Jr., William P. Johnson,* for appellees.