30656. OLSON et al. v. NEWSOM.

Jordan, Justice.

This appeal is from the denial of a summary judgment to the plaintiffs in an action for ejectment and

other relief by David E. Olson, H. Vincent Olson, and Montgomery Ham against William H. Newsom. The trial judge certified the case for immediate review, and this court granted appeal.

The plaintiffs and the defendant are adjoining landowners, and they contend that the disputed tract of land is included in the description in their respective deeds. They do not claim title under a common grantor. The plaintiffs alleged, and the defendant admitted, that the defendant is in possession of this tract.

The evidence on the motion for summary judgment deals only with the contention of the plaintiffs that the defendant is estopped to claim the disputed property. This claimed estoppel is by reason of the undisputed fact that the defendant, an attorney, represented Roy Staples, a predecessor in title of the plaintiffs, when he purchased property from Bobby J. Stafford, and that the defendant examined the title, prepared the deed, and witnessed the deed, and did not disclose that he owned any portion of the property conveyed.

The affidavit of the defendant, in opposition to the motion for summary judgment stated that: When Roy Staples came to his office to obtain the title certificate from him, the certificate showed certain objections, one of these being: "Such statement of facts as would be disclosed by an accurate survey of the property, . . ." He told Staples that the directions were not correct in one tract of Stafford's deed and that it was impossible for him to tell whether the descriptions in a plat and in the deed of Stafford were correct. He requested Staples to go with him to the surveyor who had drawn the plat for the purpose of checking the correctness of the plat, and Staples refused. He advised Staples to have the boundary lines resurveyed or checked out with the deeds of the adjoining property owners and to have other actions taken in regard to the boundary lines. Staples inquired about the cost of correcting boundary lines, and the time required, and decided not to have this done. Staples insisted that he planned to build a home on the property, and that he would later make any needed corrections in the boundary lines, and requested him to strike out the objections in the certificate of title. He told Staples that he would not

advise him to purchase the property. Staples reiterated that he would make any necessary corrections in the boundary line, and would not convey the property or use the title certificate to obtain title insurance until such time as the boundary lines were known for a fact to be correct. On these statements, he deleted the exceptions in his title certificate. He did not make any representation or conceal any fact pertaining to the correctness of the boundary lines, and he witnessed the deed in good faith without the knowledge that there was any overlapping boundary line.

The plaintiffs rely on Code § 105-304, which provides: "A fraud may be committed by acts as well as words; and one who silently stands by and permits another to purchase his property without disclosing his title is guilty of such a fraud as estops him from subsequently setting up such title against the purchaser." They further contend that the defendant, as an attorney, owed a greater duty to his client, Roy Staples, to disclose any adverse claim he had to the property than a person in an ordinary business transaction.

It is the general rule that: "The true owner of land, by attesting a deed the contents of which he knows, made by a person who has no title, will be estopped from asserting his title as against the grantee and his privies. . ." *Equitable Loan &c. Co. v. Lewman,* 124 Ga. 190 (52 SE 599) (1905); *Peacock v. Horne,* 159 Ga. 707, 724 (4) (126 SE 813) (1925); *Roop Grocery Co. v. Gentry,* 195 Ga. 736, 745 (2) (25 SE2d 705) (1943); *Anderson v. Manning,* 221 Ga. 421 (144 SE2d 772) (1965).

The defendant in this case as an attorney had a higher duty to inform his client of any adverse claim that he had to the land described in the deed he prepared and witnessed than would be required in business dealings where the attorney and client relationship is not involved.

Summary judgment should not be granted if there is any genuine issue of fact. The defendant stated in his affidavit that he did not know that the description in the deed he prepared for Roy Staples conveyed any part of his own property. Under the circumstances related in the evidence of the defendant it was a question of fact for a jury whether the defendant exercised the diligence

required of him as an attorney to determine whether the description in the deed he prepared included any of his property. Compare *Reynolds v. Huckeba*, 231 Ga. 792 (204 SE2d 149) (1974). If this issue should be resolved in the defendant's favor, a question of fact remained as to the correct boundary line between the parties.

The trial judge did not err in denying the motion for summary judgment of the plaintiffs.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

ARGUED JANUARY 19, 1976 — DECIDED MARCH 11, 1976.

*Smith, Cohen, Ringel, Kohler & Martin, Marion Smith, II, Kenneth L. Millwood,* for appellants.

*Bradford, Bradford, Harrison, Stevenson & Stimmel, Hoyt L. Bradford,* for appellee.