### 30545. WRIGHT et al. v. THOMPSON.

INGRAM, Justice.

A dispute over a boundary line and approximately seven acres of land in Putnam County produced this litigation. The defendants, Ingram and Wright, have appealed the judgment entered on the jury's verdict which fixed the boundary in the location contended by the plaintiff Thompson. The judgment enjoined the defendants from trespassing on the land, and awarded plaintiff $115 damages for timber cut and $250 damages for fencing removed by the defendants. We affirm.

The background of the case is as follows: In October, 1967, plaintiff Thompson filed an action against defendant Wright alleging that Wright had trespassed on his land and praying for an injunction and damages. Wright filed an answer and a counterclaim alleging that he was the agent for his aunt, appellant Mrs. Lenora Ingram, who owned the land. Wright sought an injunction and damages for the alleged trespasses of Thompson. Mrs. Ingram then filed an independent suit in March, 1969, against Thompson seeking an injunction and damages for Thompson's alleged trespasses on the same tract of land which was the subject of the previously filed suit between Thompson and Wright. A week later, on motion of defendant Wright, Mrs. Ingram was joined as a co-defendant in the action filed by plaintiff Thompson. Thereafter, Mrs. Ingram filed in that action an answer and counterclaim which contained the same allegations and prayers for relief as her complaint in the case she filed against Thompson. The first trial of the dispute resulted in a judgment for Wright and Ingram, but it was reversed on appeal. See *Thompson v. Ingram,* 226 Ga. 668 (177 SE2d 61) (1970).

Subsequently, in September, 1973, plaintiff Thompson filed an answer and counterclaim in the suit

which had been instituted in 1969 by Mrs. Ingram as plaintiff. Mrs. Ingram, who had retained new counsel since the first trial, then moved to dismiss Thompson's pleadings and for a default judgment. In opposition to Mrs. Ingram's motion, counsel for Mr. Thompson filed an affidavit in which he stated that immediately after Mrs. Ingram's suit had been filed the attorneys for all parties orally agreed that both cases would be treated and tried as one case, and that Mr. Thompson would not be required to file any pleadings in the case filed by Mrs. Ingram. The trial court entered an order denying Mrs. Ingram's motions based on the facts recited in the affidavit of Mr. Thompson's counsel, which the court found to be unrefuted and which the court also found to be consistent with the trial judge's own recollection of the history of the litigation. Accordingly, the trial court found that the two cases had come on for trial before him as one case during the March, 1969, term and since that time have been regarded as one case. The court then entered an order formally consolidating the cases and, after a jury trial, the present verdict and judgment were rendered in favor of the appellee Thompson.

## I

Appellant Mrs. Ingram contends that the trial court erred in denying her motion for a default judgment in the case she filed because Mr. Thompson failed for four and one-half years to file responsive pleadings in that case. Both appellants Ingram and Wright also argue that the trial court consolidated the two cases without their consent in violation of Code Ann. § 81A-142 (a).

The trial court's denial of appellant Ingram's motion for default judgment might be sustained under the third ground of Code Ann. § 81A-155 (b) as a determination that a proper case had been made for the default to be opened if in fact there were a default in the case. See *Axelroad v. Preston,* 232 Ga. 836 (209 SE2d 178) (1974). See also *Houston v. Lowes of Savannah,* 235 Ga. 201 (219 SE2d 115) (1975). However, it is unnecessary for us to consider this question as we agree with the trial court that Mrs. Ingram is now estopped to complain that Mr. Thompson did not file responsive pleadings in the case filed by her. It was not error for the trial court to deny Mrs. Ingram's

motion for a default judgment. By agreement of counsel for all parties in 1969, the two cases were to be treated as one case and it was not necessary for Mr. Thompson to file any defensive pleadings in the case filed by Mrs. Ingram. The trial court recognized this agreement in its findings of fact and there is evidence to support its finding that such an agreement existed and had been acted on by the parties, their counsel and the trial court. Thus, the filing in 1973 of an answer and counterclaim by Mr. Thompson in the case filed by Mrs. Ingram was unecessary as the two cases had already been merged into one case by counsel with the court's approval.

Appellant's argument that the trial court ordered the two cases to be consolidated without their consent is also without merit. As noted above, the trial court's finding that the parties agreed through counsel to consolidate the cases and that the cases have been treated as one case since that time removes this consolidation from the prohibition of Code Ann. § 81A-142 (a). Appellants do not argue they are not bound by the agreement of their counsel and no sound basis appears for ruling that such agreements are not within the authority of counsel. See, e.g., *Cochran v. Eason,* 227 Ga. 316, 318 (180 SE2d 702) (1971), and Lipp v. National Screen Service Corp., 290 F2d 321 (3d Cir. 1961).

## II

Appellants Wright and Ingram contend that the trial court erred in refusing to admit into evidence a letter dated October 8, 1956, from the attorney for appellee Thompson's predecessor in title, E. B. Coxwell, to Mr. Coxwell. The same attorney was also trial counsel for Mr. Thompson.

In the letter, which bears the notation, "Re: Wright Land Line Matter," the attorney informed Mr. Coxwell that the deed records did not "throw light on the subject" of the location of the line and he also conveyed to Mr. Coxwell information he had received concerning the land line from conversations with R. C. Whitman, Jr., and Doc Gantt. Then, on the basis of these conversations and his own observation of the property, the attorney advised Mr. Coxwell of his opinion as to the location of the boundary.

The appellants, who were the defendants in the trial

court, called the attorney as a witness. He identified the letter as one he had written to Mr. Coxwell but objected to its admission into evidence on the ground that it was a privileged communication between attorney and client. Although a discussion then occurred between the attorney, appellants' counsel and the trial court concerning the status of the letter as a privileged communication, it is evident that the trial court ruled the letter inadmissible on the ground the letter contained hearsay. We agree with this ruling, as the letter clearly indicates that the information the attorney conveyed to Mr. Coxwell was based on conversations with third parties. Therefore, we find this enumeration of error to be without merit. Code Ann. § 38-301. See also *Rogers v. Manning,* 200 Ga. 844, 848 (38 SE2d 724) (1946).

### III

Appellants argue that the trial court erred by charging, over objection, the rule concerning establishment of a dividing line by acquiescence. See Code Ann. § 85-1602). They contend, alternatively, that either there was no evidence of acquiescence, or, if there were such evidence, it did not show acquiescence for a period of seven years.

This contention is without merit. Appellee Thompson's predecessor in title, Mr. Coxwell, purchased the land in 1948 and built the fence enclosing the disputed strip in that year. Mr. Coxwell sold the land in 1957 to appellee's father and in 1962 appellee acquired the land through his father's will. The evidence at trial was conflicting as to the times of the first and subsequent complaints regarding the location of the fence and also as to what efforts were made to resolve the dispute. Consequently, the evidence raised jury questions concerning both acquiescence and the seven-year period, and the trial court properly charged on acquiescence in a dividing line. See *Brookman v. Rennolds,* 148 Ga. 721 (7) (98 SE 543) (1919). See also *Adair v. Atlanta Jewish Community, Inc.,* 228 Ga. 422, 424 (185 SE2d 921) (1971).

Furthermore, appellants' contention that the trial court erroneously charged the jury that title to land can be established by acquiescence is also without merit. This is not a case like *Gauker v. Eubanks,* 230 Ga. 893, 898 (199

SE2d 771) (1973) where the appellant had no independent title to the land but attempted to rely on consent to establish title. Instead, the deed under which appellee Thompson claimed title contained a description of his tract which, though the boundary was uncertain, by a fair construction would comprehend the disputed strip. See *Warwick v. Ocean Pond Fishing Club,* 206 Ga. 680 (58 SE2d 383) (1950). Thus, the trial court's instruction to the jury that they were to determine title to the strip as either in Mr. Thompson or Mrs. Ingram, read in the context of the whole charge, seems to have been intended only to inform the jury that the effect of establishing the boundary line would be to quiet title to the disputed strip in one party or the other.

### IV

Appellants also enumerate as error the charge of the trial court on the measure of damages in the language of Code Ann. § 105-2003, and the failure of the court to charge on the form of the verdict if appellee Thompson did not carry his burden of proof. However, appellants did not object on these grounds to the charge in the trial court as required by Code Ann. § 70-207 (a), and the court did not commit "a substantial error in the charge which was harmful as a matter of law." Therefore, no question for appellate review is presented by these enumerations. See *Reynolds v. Huckeba,* 231 Ga. 792, 794 (204 SE2d 149) (1974).

### V

Appellants' final contention is that the evidence is insufficient to support the verdict. On appellate review the evidence must be construed most favorably toward upholding the verdict. *Gilman Paper Co. v. James,* 235 Ga. 348, 350 (219 SE2d 447) (1975). Measured by this standard, the evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1976 — DECIDED APRIL 6, 1976 — REHEARING DENIED APRIL 20, 1976.

*Robert W. Allen, Robert E. Andrews,* for appellants. *D. D. Veal,* for appellee.