### 46539. BINION v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF MILLEDGEVILLE.
(377 SE2d 858)

GREGORY, Justice.

The parties are contiguous landowners. In 1974, appellee began construction of an office building on its property. In March 1975, while the building was still under construction, appellant wrote appellee that appellee's building encroached on appellant's property by one and one-half feet. Appellee responded in writing that three surveys had been made of appellee's property, and the building did not encroach on appellant's land. In 1982, appellant had a "heated discussion" with an officer of appellee in which appellant alleged that appellee's building encroached on his property. In 1985, appellant filed this suit alleging in count three of his complaint that appellee had wilfully constructed its building on appellant's property. As to count three appellant sought damages and an injunction against further encroachment on his property. Appellee moved for partial summary judgment as to count three alleging that "assuming an encroachment exists," it had acquired title to this portion of appellant's property by adverse possession and by acquiescence under OCGA § 44-4-6. The trial court granted appellee's motion for partial summary judgment, and appellant brings this appeal.

1. Having studied the record in this case, we conclude that an issue of fact remains as to whether appellee has acquired prescriptive title to the property in question. See OCGA §§ 44-5-161; 44-5-164.

2. We find no evidence in the record of either acts or declarations by appellant to support a finding of acquiescence. These are necessary elements under the statutory definition of acquiescence. OCGA § 44-4-6. Mere passive conduct and nothing more will not suffice. See *Adair v. Atlanta Jewish Community*, 228 Ga. 422 (185 SE2d 921) (1971); *Gordon v. Ga. Kraft Co.*, 217 Ga. 500 (123 SE2d 540) (1962).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 6, 1989.

*Robert H. Herndon*, for appellant.

*Joab O. Mangum III*, for appellee.